UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN BOYD, | ) | CASE NO. 5:21-cv-775 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff, Steven Boyd, commenced this action to appeal a final administrative decision denying his claim for disability benefits. (Doc. No. 1 (Complaint).) On January 11, 2022, upon the parties' stipulation, this Court remanded the matter to defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). (Doc. No. 16 (Order); Doc. No. 15 (Stipulated Remand).) On March 22, 2022, upon the parties' stipulation, the Court awarded plaintiff's counsel $4,063.47 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 18 (Order); Doc. No. 17 (Proposed Award).)

On remand, plaintiff was found disabled as of July 28, 2011, and awarded past due benefits from November 2017. (Doc. No. 20-1, at 1–2[1].) In its notice informing plaintiff of his entitlement to benefits, the Social Security Administration advised plaintiff that it was withholding $36,325.50 in benefits, representing an award of attorney's fees equal to 25% of the total amount of past due benefits to which plaintiff is entitled. (*Id.* at 3–4.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

The matter is presently before the Court on the motion of plaintiff's counsel for authorization of attorney's fees, pursuant to 42 U.S.C. § 406(b). (Doc. No. 20 (Motion).) In the motion, counsel requests fees in the amount of $8,797.50 for work in federal court. (*Id*. at 1.) Counsel also acknowledges her previous award of attorney's fees under the EAJA and represents that she will repay plaintiff the previously awarded EAJA fees to avoid a double recovery. (Doc. No. 20, at 3 (citing *Jankovich v. Bowen*, 868 F.2d 867 (6th Cir. 1989)).)

To be entitled to an award under § 406(b), an attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnard*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Section 406(b)(1) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hays v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).

An award will not be considered improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed [by dividing the hours worked into the amount of the requested

> fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. Accordingly, the Court will not find that a contingency fee agreement has generated a windfall to the attorney where "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Here, counsel and plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of plaintiff's past-due benefits. (Doc. No. 20-2 (Contingency Fee Agreement), at 1.) The submitted time sheets show that counsel spent 19.55 hours representing plaintiff before this Court. (Doc. No. 20-3 (Time Sheets), at 2.) The fee of $8,797.50 sought by counsel translates into a hypothetical hourly rate of $450. (*See id*.) Courts in this district have previously determined that a fee of $350.00 per hour is not excessive in awarding fees pursuant to § 406(b)(1). *See, e.g.*, *Flickinger v. Comm'r of Soc. Sec.*, No. 5:20-cv-02038, 2024 WL 3567705, at *1 (N.D. Ohio July 29, 2024); *Koprowski v. Comm'r of Soc. Sec.*, No. 1:10-cv-1216, 2013 WL 29804, at *2–3 (N.D. Ohio Jan. 2, 2013); *Brown v. Comm'r of Soc. Sec.*, No. 4:09-cv-2870, 2012 WL 6682112, at *3 (N.D. Ohio Dec. 21, 2012) (citations omitted). Therefore, an hourly rate of $450 does not constitute a windfall, as it is less than twice the standard rate for such work in the relevant market. *See Hayes*, 923 F.2d at 422. Moreover, there have been no allegations, nor has the Court found any instances, of improper attorney conduct or ineffectiveness of counsel that would cause the Court to reduce the amount of the requested fee. Quite the contrary, plaintiff was well represented by counsel in this case, and his counsel achieved an excellent result. The Court finds that counsel has satisfied her burden of demonstrating the reasonableness of the requested fee.

For the reasons set forth herein, the Court hereby GRANTS the motion and AWARDS attorney's fees in the amount of $8,797.50 under 42 U.S.C. § 406(b), provided that plaintiff's counsel refunds to plaintiff $4,063.47 in attorney's fees that this Court previously awarded under the EAJA.

**IT IS SO ORDERED**.

Dated: September 9, 2024

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**